

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 6, 1949

Hon. Neil McKay
County Attorney
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. V-876

Re: Authority of county
school board, acting
under Article VIII,
S.B.116, 51st Leg., to
consolidate that por-
tion of dormant county-
line school district
which is situated in
another county.

We refer to your inquiry submitting in sub-
stance the following facts and questions:

Fairview C.S.D. is a county-line school
district, lying partly in Franklin County and
partly in Hopkins County, which is under the
jurisdiction of Franklin County School Board.
It is a "dormant district" as defined in Art-
icle VIII, S.B. 116, 51st Legislature, and
thereunder must be consolidated with an ad-
joining district or districts.

On July 8, 1949, and without obtaining
the consent of Hopkins County Board, the
Franklin County school board acting under
Article VIII consolidated all of the Fair-
view county-line district with the Mt. Ver-
non district in Franklin County. On July
9, 1949, the Hopkins County School Board by
virtue of the provisions of Article VIII con-
solidated that portion of Fairview County-
line district lying in Hopkins County with
the Sulphur Bluff district of Hopkins County.

Question: 1. Does the Franklin County
Board have the authority, under the facts
and Article VIII, to consolidate all of Fair-
view County-line district (including that
portion thereof lying in Hopkins County) with
the Mt. Vernon district of Franklin County?

2. Do the county boards respectively of
Franklin and Hopkins County, acting under Art-

icle VIII, have authority only to consolidate that portion of a dormant district which lies within its respective county to an adjoining district or districts?

The second paragraph in Article VIII, S.B. 116, 51st Legislature, provides that:

"If a county-line district is or becomes dormant, as defined herein, the provisions of this Act shall apply and be followed by the several counties affected to the extent of the territory in each respective county." (Emphasis added.)

The provisions of the first paragraph of Article VIII define "dormant" district and require the county school board of the several counties to consolidate each dormant district "within" the county by order of the Board. The quoted second paragraph specifically governs dormant county-line districts, that is, dormant districts whose boundaries comprise territory lying in two or more counties. Its provisions are clear and unambiguous. It requires the county board of each county by order to consolidate such portions of dormant county-line districts which lie in its county with an adjoining district or districts.

Where, for example, a portion of a dormant county-line district lies in County A and the remaining portion lies in County B, then the County School Board of A may consolidate the County A portion with another district in County A, and likewise B Board may consolidate the County B portion with another district in County B. Consent of counties to be affected by such divisional consolidation of dormant county-line districts under Article VIII of S.B. 116 is not required thereunder. In this respect Article VIII is unlike other laws concerning consolidation, detachment and annexation to active county-line districts, which do require, in some instances, cooperation and consent of respective county school boards, county judges, district school boards, and/or commissioners' courts. For example: Article 2806; Section 5b of Article 2742b; Section 2 of Article 2742e and Section 1 of Article 2742f, as construed in County School Trustees of Runnels County v. State, 95 S.W. 2d 1001, (Tex.Civ.App. 1936, error dism.). But see Attorney General Opinion No. V-874 for instances when consent is not required.

Hon. Neil McKay, page 3 (V-876)

But in the exercise of the authority delegated in Article VIII, county boards are limited to the extent of the powers granted therein. Under this law the authority of a county school board to consolidate by order a dormant county-line district is limited expressly "to the extent of the territory" of the county-line district in its respective county.

It should be noted that Article VIII of S.B. 116 does not provide that that one county which has jurisdiction of the dormant county-line district for administrative purposes shall consolidate the entire dormant county-line district to an adjoining district or districts. In this respect Article VIII is dissimilar to Section 5b of Article 2742b and Article 2806 (providing for consolidations by election). These statutes do authorize the county judge and the Commissioners' Court of the County which has jurisdiction of the county-line school district for administrative purposes to perform certain duties without the joinder of the like officials of the other county or counties in which lies a portion of the county-line district.

Accordingly, it is our opinion that Article VIII of S.B. 116, does not authorize Franklin County School Board to consolidate by order all of Fairview county-line district (a portion of which lies in Hopkins County) with the Mt. Vernon district of Franklin County. Further, the county school boards of Franklin and Hopkins County respectively, are authorized under Article VIII of S.B. 116 to consolidate only that portion of a dormant county-line district lying within its respective county with an adjoining district or districts.

## SUMMARY

One county school board, acting under Article VIII, S.B. 116, 51st Legislature, is not authorized to consolidate all of a dormant county-line district with an adjoining district in its county.

The county school board of each respective county in which territory of a dormant county-line district lies is authorized, by virtue of Article VIII, to consolidate by

order only that portion of such a dormant district which lies within its county with an adjoining district or districts.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:bh:mw

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL